```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                      CIVIL NO. 20-1641(DSD/LIB)
```

Thomas James Fox,

       Petitioner,

v.                                                  **ORDER**

Tim Walz, Governor
and Paul Schnell,
Commissioner of Corrections,

       Respondents.


This matter is before the court upon the objections by petitioner Thomas James Fox to the March 31, 2021, report and recommendation of Magistrate Judge Leo I. Brisbois (R&R). The magistrate judge recommends that the court deny Fox's petition for writ of habeas corpus, and dismiss the action with prejudice. After a de novo review, and for the following reasons, the court overrules Fox's objections and adopts the R&R in its entirety.

## BACKGROUND

This action arises out of Fox's criminal convictions under Minnesota law. The complete background of this action is fully set forth in the R&R and will not be repeated here. The court will only briefly summarize the history of the present action.

In April 2012, Fox was charged with first degree murder and first degree felony murder. A jury found Fox guilty on both counts. See State v. Fox, 868 N.W.2d 206, 212 (Minn. 2015). The trial court sentenced Fox to life without parole. Id. at 213.

Fox directly appealed his convictions, and the Minnesota Supreme Court affirmed. See id. at 211. On November 16, 2015, the United States Supreme Court denied review of Fox's petition for certiorari. See Fox v. Minnesota, 136 S. Ct. 509, 509 (2015).

Fox filed two petitions for postconviction review in state court. On November 28, 2016, he filed the first petition, and on March 9, 2017, the trial court denied the petition. See ECF No. 16-6. The Minnesota Supreme Court affirmed on June 13, 2018. See Fox v. State, 913 N.W.2d 429, 431 (Minn. 2018). On January 11, 2019, he filed the second petition, and on May 30, 2019, the trial court denied the petition. See ECF No. 16-8. The Minnesota Supreme Court affirmed on February 5, 2020. See Fox v. State, 938 N.W.2d 252, 257 (Minn. 2020).

On July 27, 2020, Fox filed this current habeas petition under 28 U.S.C. § 2254. Fox argues that: (1) the trial court erred by allowing into evidence certain statements Fox made to police because he did not waive his Miranda rights; (2) the prosecution did not prove every element beyond a reasonable doubt at trial; (3) he had ineffective assistance of counsel during trial; and (4)

he had ineffective assistance of counsel during his direct appeal. See ECF No. 1.

On March 31, 2021, Magistrate Judge Leo I. Brisbois issued the R&R. The magistrate judge recommended that the court deny the petition as untimely, and that the court reject Fox's equitable tolling and actual innocence arguments. Fox objects to the R&R's determination that actual innocence does not excuse the petition's untimeliness. See ECF No. 25.

**DISCUSSION**

The court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(c). Fox does not object to the R&R's determination that his § 2254 is untimely under § 2244(d)'s limitations period, nor does he object to the R&R's finding that his claims are not subject to equitable tolling. The sole issue before the court is whether Fox raises a sufficient "actual innocence" argument to excuse his untimeliness. The court agrees with the R&R that he does not.

If a petitioner proves actual innocence, it "serves as a gateway" past the "expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). "[T]enable actual-innocence gateway pleas are rare ...." Id. In order to meet the threshold for actual innocence, a petitioner must "persuade[] the district court that, in light of the new evidence,

3

no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). The petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." See Schlup, 513 U.S. at 324. The new evidence must not have been available at trial and does not include "evidence that could have been discovered earlier in the exercise of due diligence." Nance v. Norris, 392 F.3d 284, 291 (8th Cir. 2004) (internal brackets omitted) (quoting Cornell v. Nix, 976 F.2d 376, 380 (8th Cir. 1992)).

Fox argues that the R&R does not properly consider his purported "new" evidence. Fox claims that: hair was found in the victim's hands; if that hair were DNA tested, it would not be his hair; and, because it is not his hair, this evidence would prove that he was not guilty. Fox also seems to argue that he is entitled to have the hair tested and, therefore, the court cannot deny his petition at this time.

The court agrees with the R&R that Fox has not met the threshold for a successful actual innocence argument. Fox's supposed new evidence does not meet the high standard necessary to obviate his procedural default. As noted in the R&R, Fox's argument relies on a series of "ifs" that, if true, might exonerate

4

him. In other words, Fox has posited a new theory for his innocence, but has provided no actual evidence to support that theory. Accordingly, Fox's "new evidence" is purely speculative and insufficient to establish that he is actually innocent.

Fox's argument that he is entitled to discovery is also unpersuasive. Fox cites to inapposite caselaw for the proposition that the supposed hair evidence must be tested before the court rules on his petition. However, as noted above, Fox's speculative claims regarding that evidence does not meet the credibility threshold needed to warrant further investigation or discovery. The court therefore rejects this argument as well.[1]

A petitioner under § 2254 cannot appeal an adverse ruling unless the court grants a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). To warrant a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). As discussed

---

[1] Fox also objects to the magistrate judge's order denying discovery, which was not included in the R&R. See ECF No. 19, at 1 n.1. Even if this objection were properly before the court, Fox's habeas petition is untimely, and, therefore, he is not entitled to discovery. See id.

5

above, the court is convinced that Fox's claims do not entitle him to relief and that reasonable jurists would not differ on the result. A certificate of appealability is not warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Fox's objections to the R&R [ECF No. 25] are overruled;
2. The R&R [ECF No. 22] is adopted in its entirety;
3. The § 2254 petition [ECF No. 1] is denied;
4. This action is dismissed with prejudice; and
5. No certificate of appealability is issued.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 23, 2021

s/David S. Doty  
David S. Doty, Judge  
United States District Court